No. 22-51019

# United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff–Appellee,*

v.

LITSSON ANTONIO PEREZ-GALLAN,

*Defendant–Appellant.*

Appeal from the United States District Court
for the Western District of Texas
No. 4:22-CR-427-DC

**APPELLEE UNITED STATES OF AMERICA'S
MOTION TO STAY FURTHER PROCEEDINGS**

Under Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.1.3, the government moves to stay further proceedings in this case pending a decision in *United States v. Rahimi*, No. 21-11001 (5th Cir.), which will likely be dispositive of this case. In support of this motion, the government shows:

In June 2022, the Supreme Court decided *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The Court struck down New York's "may-issue" licensing law, which allowed the executive to issue a license for public carry only on a showing of "proper cause." *Id.* at 2123. The Court clarified that means-end scrutiny is inconsistent with its Second Amendment precedents. *Id.* at 2127–29. It said: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30.

Perez was indicted in the Western District of Texas for possessing a gun while subject to a domestic-violence restraining order. (ROA.22.) *See* 18 U.S.C. § 922(g)(8). Perez moved to dismiss the indictment, arguing that § 922(g)(8) violates the Second Amendment under *Bruen*'s framework. (ROA.44–64.) The district court ruled that § 922(g)(8) facially violates the Second Amendment under *Bruen*'s framework and thus granted Perez's motion to dismiss. (ROA.205–36.) *See United States v. Perez-Gallan*, No. 4:22-CR-427-DC, 2022 WL 16858516 (W.D. Tex. Nov. 10, 2022). To the extent that Perez had articulated a separate constitutional challenge to § 922(g)(8) as applied to him, the district court did not reach it. (ROA.230 n.119.)

The government appealed the district court's Second Amendment ruling. Its appellant's brief is currently due on March 13, 2023. The

dispositive issue before this Court is therefore whether § 922(g)(8) facially violates the Second Amendment under *Bruen*'s framework.

The identical issue is also before this Court in another pending appeal, *United States v. Rahimi*, No. 21-11001 (5th Cir.). Rahimi was convicted in the Northern District of Texas of violating § 922(g)(8). On June 8, 2022, this Court affirmed his conviction. *See United States v. Rahimi*, No. 21-11001, 2022 WL 2070392 (5th Cir. June 8, 2022) (unpublished). When the Supreme Court decided *Bruen* about two weeks later, however, this Court withdrew its opinion, ordered supplemental briefing, and reset the case for argument. The defendant in *Rahimi* filed a brief arguing that "that 18 U.S.C. § 922(g)(8) is unconstitutional on its face" under *Bruen*'s framework for essentially the same reasons as Perez and the district court relied on here. Appellant's Supplemental Reply Brief, *United States v. Rahimi*, No. 21-11101, at 19 (5th Cir. Aug. 23, 2022), ECF No. 123. The government also filed a brief extensively addressing *Bruen*'s effect on the constitutionality of § 922(g)(8). Supplemental Brief for Appellee the United States, *United States v. Rahimi*, No. 21-11101 (5th Cir. Aug. 9, 2022), ECF No. 109-1. *Rahimi* is fully briefed, and this Court heard oral argument on August 30, 2022.

A stay of further proceedings is warranted here because this Court's decision in *Rahimi* will likely be dispositive of the sole issue in this case: whether § 922(g)(8) facially violates the Second Amendment. At the least, a ruling in *Rahimi* on this purely legal issue common to both cases would

greatly narrow the issues and streamline any further proceedings in this case. A stay would therefore promote the efficient resolution of this case. In addition, a stay would not prejudice Perez, who was ordered released and currently has no federal indictment actively pending against him. (ROA.236–37, 240.) This motion is not made for the purpose of delay.

******

For these reasons, the government respectfully requests that this Court vacate the briefing schedule in this case and stay further proceedings pending a decision in *United States v. Rahimi*, No. 21-11001 (5th Cir.).

Respectfully submitted,

JAIME ESPARZA
United States Attorney

*/s/ Charles E. Fowler, Jr.*
CHARLES E. FOWLER, JR.
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I certify that on February 1, 2023, I contacted Perez's counsel, Shane O'Neal, who stated that Perez opposes this motion.

*/s/ Charles E. Fowler, Jr.*
CHARLES E. FOWLER, JR.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on February 1, 2023, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

*/s/ Charles E. Fowler, Jr.*
CHARLES E. FOWLER, JR.
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I certify that

1. this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 643 words, excluding parts exempted by Rule 32(f); and

2. this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 365 in size 14 Calisto MT font.

Dated: February 1, 2023

*/s/ Charles E. Fowler, Jr.*
CHARLES E. FOWLER, JR.
Assistant United States Attorney
