# In the
# United States Court of Appeals for the Fifth Circuit

———————

No. 22-51019

———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LITSSON ANTONIO PEREZ-GALLAN,

*Defendant-Appellant*

———————

Appeal from the United States District Court
For the Western District of Texas
No. 4:22-CR-427-DC

———————

**Response in Opposition to Appellant United States of America's Motion to Stay**

Pursuant to Fed. R. App. P. 27(a)(3), Appellee Litsson Antonio Perez-Gallan files this response in opposition to Appellant's motion to stay and in support shows:

As appellant notes, the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, controls this appeal 142 S. Ct. 2111 (2022). Following *Bruen*, "[t[he government must justify [a regulation restricting an individual's conduct covered by the Second Amendment] by demonstrating that it is consistent

with the Nation's historical tradition of firearm regulation." *Id*. at 2129-30.

In the district court, Perez raised two issues: whether 18 U.S.C. § 922(g)(8) is facially constitutional and whether it is unconstitutional as-applied to him. ROA.44-64. Because *Bruen* was released while Perez's case pended and before he filed his motion to dismiss, the district court was able to hear and even request additional evidence from the government in its effort to demonstrate that the Nation's historical tradition of firearm regulation supported disarming Perez. ROA.91-92.

The government urges a stay pending this Court's decision in *United States v. Rahimi*, No.21-11001 (5th Cir.), because it involves the "dispositive issue before this court" "whether § 922(g)(8) facially violates the Second Amendment under *Bruen's* framework." Appellant is mistaken for two reasons.

First, this Court's decision in *Rahimi* will only dispose of the issue before this Court if the government loses. If the Court upholds § 922(g)(8) in *Rahimi*, it will not dispose of the issues in this case because, unlike *Rahimi*, Perez also made an as-applied statute to § 922(g)(8), raising that the protective order in Kentucky disarmed him while transporting valuable cargo across the country and through a dangerous border area. While the

government correctly notes that the district court did not reach that issue, this Court may decide the appeal on any grounds supported by the record and urged by the parties below. *United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998).

Second, *Bruen*'s requirement that the government demonstrate § 922(g)(8)'s validity through historical analysis became an issue during the pendency of *Rahimi*. The government did not have an opportunity to present a historical analysis to the district court; the district court did not have an opportunity to decide whether the government had met its burden. During oral argument in *Rahimi*, the parties and Court noted the speed with which they were required to answer complex historical questions. If this Court remands *Rahimi* for further consideration in light of *Bruen*, its decision will not further the disposition of this case.

For these reasons, Perez respectfully requests that the Court deny the government's motion to vacate the briefing schedule and stay further proceedings.

Respectfully submitted.

s/ Shane O'Neal
SHANE O'NEAL
101 E. Avenue B
Alpine, Texas 79830
(713) 516-3505
shane@shaneoneallaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed this response with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Jaime Esparza, U.S. Attorney for the Western District of Texas (Attn: Assistant U.S. Attorney Charles E. Fowler, Jr.,), via electronic mail.

                                                  s/ Shane O'Neal
                                                  SHANE O'NEAL
                                                  *Attorney for Defendant-Appellant*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 435 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook.

s/ Shane O'Neal  
SHANE O'NEAL  
*Attorney for Defendant-Appellant*

Dated: February 1, 2023