No. 22-51019

# United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff–Appellant*,

*v.*

LITSSON ANTONIO PEREZ-GALLAN,

*Defendant–Appellee*.

Appeal from the United States District Court
for the Western District of Texas
No. 4:22-CR-427-DC

**APPELLANT UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF**

Under Federal Rules of Appellate Procedure 26(b) and 27, and Fifth Circuit Rules 26.2, 27.1.1, and 31.4, the government moves for a 30-day extension of the time within which the government must file its appellant's brief in this case. Perez-Gallan does not oppose this motion. In support of this motion, the government shows:

Perez-Gallan was indicted in the Western District of Texas for possessing a gun while subject to a domestic-violence restraining order. (ROA.22.) *See* 18 U.S.C. § 922(g)(8). Perez-Gallan moved to dismiss the indictment, arguing that § 922(g)(8) violates the Second Amendment. (ROA.44–64.) The district court ruled that § 922(g)(8) facially violates the Second Amendment and thus granted Perez-Gallan's motion to dismiss. (ROA.205–36.) *See United States v. Perez-Gallan*, No. 4:22-CR-427-DC, 2022 WL 16858516 (W.D. Tex. Nov. 10, 2022).

With the Solicitor General's authorization, the government appealed the district court's Second Amendment ruling. On January 31, 2023, this Court issued a briefing notice providing that the appellant's brief for the government is due March 13, 2023. The government has not previously sought an extension of time to file its appellant's brief.

On February 2, 2023, a panel of this Court decided *United States v. Rahimi*, 59 F.4th 163 (5th Cir. 2023). The original opinion in *Rahimi* held that § 922(g)(8) violates the Second Amendment. *Id.* at 179. But this Court issued no mandate in *Rahimi*, and on March 2, 2023, this Court withdrew the original opinion and issued a substitute opinion. *See United States v. Rahimi*, --- F.4th ----, 2023 WL 2317796 (5th Cir. Mar. 2, 2023). Like the original opinion, the substitute opinion holds that § 922(g)(8) violates the Second Amendment. *Id.* at *12. This Court still has issued no mandate in *Rahimi*.

The government believes that *Rahimi* was wrongly decided. Following the issuance of the original opinion in *Rahimi*, the Attorney General announced that the government will seek further review of the panel's decision. *See* Dep't of Justice, Statement from Attorney General Merrick B. Garland Regarding *United States v. Rahimi* (Feb. 2, 2023), https://www.justice.gov/opa/pr/statement-attorney-general-merrick-b-garland-regarding-united-states-v-rahimi.

Good cause exists for the requested extension. The government needs additional time to fully assess the impact of *Rahimi* on the issues in this case and determine how to proceed. Because this case involves an appeal by the government of a ruling on the constitutionality of a federal statute, moreover, that assessment requires the United States Attorney's Office to confer with the Criminal Division and the Office of the Solicitor General in Washington, D.C. These matters are further complicated by the need to review and fully assess the impact of the substitute opinion just issued in *Rahimi*.

This motion is not made for the purpose of delay. And the requested extension would not prejudice Perez-Gallan, who was ordered released and currently has no federal indictment actively pending against him. (ROA.236–37, 240.)

///

///

///

******

For these reasons, the government respectfully requests that this Court grant a 30-day extension of the time within which the government must file its appellant's brief in this case.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

*/s/ Charles E. Fowler, Jr.*
CHARLES E. FOWLER, JR.
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I certify that on March 1, 2023, I contacted Perez-Gallan's counsel, Shane O'Neal, who stated that Perez-Gallan does not oppose this motion.

                                    */s/ Charles E. Fowler, Jr.*
                                    CHARLES E. FOWLER, JR.
                                    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on March 2, 2023, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

                                    */s/ Charles E. Fowler, Jr.*
                                    CHARLES E. FOWLER, JR.
                                    Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I certify that

1. this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 504 words, excluding parts exempted by Rule 32(f); and

2. this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 365 in size 14 Calisto MT font.

Dated: March 2, 2023

                                    */s/ Charles E. Fowler, Jr.*
                                    CHARLES E. FOWLER, JR.
                                    Assistant United States Attorney