


**U.S. Department of Justice**

United States Attorney
Western District of Texas

903 San Jacinto Ave., Suite 334 (512) 370-1265
Austin, Texas 78701


September 5, 2024

**<u>VIA CM/ECF</u>**
Mr. Lyle W. Cayce, Clerk
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: *United States v. Perez-Gallan*, No. 22-51019

Dear Mr. Cayce,

*United States v. Rahimi*, 144 S. Ct. 1889 (2024), supports vacating the district court's judgment and remanding for further proceedings. *Rahimi* exposes two errors in the district court's holding that Section 922(g)(8)(C)(ii) is facially unconstitutional. First, although *Rahimi* upheld subsection (C)(i) of Section 922(g)(8), its analysis also demonstrates the constitutionality of subsection (C)(ii). Both subsections are temporary restrictions that fit comfortably within our regulatory tradition of "provisions preventing individuals who threaten physical harm to others from misusing firearms." 144 S. Ct. at 1897. Second, *Rahimi* clarified that a facial challenge requires a defendant to establish that no set of circumstances exists under which the Act would be valid. *Id.* at 1898. The district court did not apply that standard, and Perez did not meet it. To the extent that Perez raised a separate as-applied challenge, the district court should address it in the first instance on remand. Regardless, any as-applied challenge also lacks merit.

## Statement of the Case

In May 2022, Perez's domestic partner reported to Kentucky state police that he had assaulted her. ROA.185–87. The victim stated that Perez struck her in the face while she was holding their baby. ROA.187. After she put the baby down, Perez dragged her to the bathroom, struck her in the face again, and began hitting her in the ribs. ROA.187.

Perez was charged with assault in the fourth degree. ROA.188; *see* Ky. Rev. Stat. § 508.030. The state district court released Perez on bond but issued an order

expressly prohibiting him from harassing, contacting, and "threatening to commit or committing acts of domestic violence or abuse against the alleged victim." ROA.182 ("Order"). Perez signed the Order. ROA.182. In a separate proceeding, a state family court found that Perez posed "an immediate and present . . . danger of domestic violence and abuse" and issued an order "restrain[ing him] from committing further acts of abuse or threats of abuse, stalking or sexual assault." ROA.183–84.

A month later, Perez drove an eighteen-wheeler into a Border Patrol checkpoint south of Marfa, Texas. ROA.10, 199. Perez admitted that he was carrying a firearm, which agents later discovered was stolen. ROA.199–200. Agents also found a copy of the Order among Perez's belongings. ROA.10–11, 199.

A grand jury indicted Perez for violating 18 U.S.C. § 922(g)(8) by possessing a gun while under a domestic-violence restraining order. ROA.22. Perez moved to dismiss the indictment. ROA.206. The district court concluded that the Order satisfied the criteria in Section 922(g)(8)(C)(ii). ROA.206–08.[1] But it held that the statute was facially unconstitutional. ROA.230 & n.119. The court rejected the historical analogues identified by the government—including surety and going-armed laws, *see* ROA.223–28—and concluded that "the historical record does not contain evidence sufficient to support the federal government's disarmament of domestic abusers." ROA.230.

The government appealed. Based on the panel decision in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), this Court summarily affirmed. *United States v. Perez-Gallan*, No. 22-51019, 2023 WL 4932111, at *1 (5th Cir. Aug. 2, 2023) (per curiam). After the Supreme Court reversed the panel decision in *Rahimi*, it granted the government's petition for certiorari, vacated, and remanded. *United States v. Perez-Gallan*, 144 S. Ct. 2707, 2708 (2024) (mem.).

## Argument

### I. *Rahimi* supports the government's position that 18 U.S.C. § 922(g)(8)(C)(ii) is facially constitutional.

*Rahimi*, like this appeal, concerned 18 U.S.C. § 922(g)(8). That statute forbids firearm possession by a person subject to a court order that (A) was issued after notice and hearing; (B) restrains that person from harassing, stalking, or threatening an intimate partner; and (C) either (i) "includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child" or (ii) "by its terms explicitly prohibits the use, attempted use, or threatened use of physical

[1] The district court found that the family court order did not satisfy the requirements of 18 U.S.C. § 922(g)(8) because there was insufficient proof that Perez had notice and an opportunity to participate when that order was issued. ROA.207.

force against such intimate partner or child that would reasonably be expected to cause bodily injury." *Id.*

The Supreme Court upheld Section 922(g)(8)(C)(i) facially and as applied to the defendant in *Rahimi*. "Since the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." 144 S. Ct. at 1896. Those provisions included surety and "going armed" laws. *Id.* at 1899–1901. "Taken together," these laws confirmed that "[w]hen an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id.* at 1901. Section 922(g)(8) fits comfortably into this historical tradition because "it only prohibits firearm possession so long as the defendant 'is' subject to a restraining order." *Id.* at 1902.

In this case, the government identified the same historical analogues that the Supreme Court relied on in *Rahimi*. But the district court concluded that these analogues did not show the government may disarm "domestic abusers." ROA.230. That conclusion contradicts *Rahimi* by improperly requiring a " 'historical twin' rather than a 'historical analogue' " for Section 922(g)(8). *Rahimi*, 144 S. Ct. at 1903 (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 30 (2022)).

Although *Rahimi* concerned Section 922(g)(8)(C)(i), its analysis also supports the constitutionality (C)(ii). Subparagraph (C)(ii) concerns protective orders explicitly prohibiting the actual, attempted, or threatened "use of physical force against [the] intimate partner." § 922(g)(8)(C)(ii). So it applies only where a court has issued a specific injunction against the defendant. As this Court has explained, in enacting (C)(ii), "Congress legislated against the background of the almost universal rule of American law that for a temporary injunction to issue, '[t]here must be a *likelihood* that irreparable harm will occur'"; "'*[a] presently existing actual threat must be shown*.'" *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (quoting 9 Wright, Miller & Kane, Fed. Prac. & Proc.: Civil 2d § 2948.1 at 153–56) (emphases by court).[2] Thus, (C)(ii) is consistent with the constitutional principle that *Rahimi* recognized: "When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." 144 S. Ct. at 1901.[3]

[2] The discussion in *Emerson* of (C)(ii)'s requirements was not a product of the means–ends scrutiny prohibited by *Bruen*, 597 U.S. at 19–22, and so remains binding. *Cf. United States v. Medina-Cantu*, No. 23-40336, 2024 WL 3948016, at *3 (5th Cir. Aug. 27, 2024) (applying pre-*Bruen* precedent on "the meaning of 'the people' in the Second Amendment" because the precedent was not based on "the 'means–end scrutiny' practice . . . in *Bruen*").

[3] Consistent with *Emerson*, other Circuits likewise rejected Second Amendment challenges to Section 922(g)(8)(C)(ii) pre-*Bruen* and emphasized—as the Supreme Court did in *Rahimi*, 144 S. Ct. at 1901–02—that the statute's firearms restrictions are temporary and based on determinations of dangerousness. *See, e.g.*, *United States v. Mahin*, 668 F.3d 119, 125–26 (4th Cir. 2012); *United*

The Supreme Court also re-affirmed in *Rahimi* that a facial challenge "is the 'most difficult challenge to mount successfully,' because it requires a defendant to 'establish that no set of circumstances exists under which the Act would be valid.'" 144 S. Ct. at 1898 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Thus, even if Perez were to contend on appeal that the Order against him was not based on an individualized determination that he posed a threat, that would not render the statute unconstitutional on its face.[4] The district court did not apply this standard for facial challenges, but instead mused about how Section 922(g)(8) might be applied in cases not before it. *See* ROA.232.

Temporarily disarming defendants while they are subject to domestic-violence restraining orders that meet the requirements of Section 922(g)(8) comports with the principles that underpin the Second Amendment. The district court's error in concluding otherwise rests on a misapplication of *Bruen*'s methodology, as clarified in *Rahimi*. Its judgment should be vacated and the case remanded.

## II. Perez's as-applied challenge should be addressed by the district court in the first instance, and in any event is without merit.

The district court did not reach Perez's as-applied challenge, ROA.230 n.119, which it should address in the first instance on remand with the benefit of *Rahimi*. In any event, that challenge lacks merit.

First, Section 922(g)(i)(C)(ii) is constitutional in all its applications and not susceptible to as-applied challenges. The Supreme Court clarified in *Rahimi* that it "d[id] not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." 144 S. Ct. at 1901. Ample evidence supports Congress's judgment that the category of persons disarmed by Section 922(g)(8) poses a special danger of misusing firearms. *See* Gov't Br. at 29-32, *Rahimi*, 144 S. Ct. 1889 (No. 22-915), 2023 WL 5322645, at *29–32. The ubiquity of similar restrictions across the United States confirms the soundness of that judgment. *See id.* at 34-36, 2023 WL 5322645, at *34–35.

Second, to the extent that Perez's challenge rests on a disputed or incomplete factual record, it is not the proper subject of his pretrial motion to dismiss the

---

*States v. Lippman*, 369 F.3d 1039, 1044 (8th Cir. 2004); *United States v. Boyd*, 999 F.3d 171, 187–89 (3d Cir. 2021); *United States v. Reese*, 627 F.3d 792, 804 & n.4 (10th Cir. 2010).

[4] Any argument by Perez that the Order is void or invalid also would not show the statute is unconstitutional on its face. Additionally, such a challenge would "fail[] in light of this circuit's rule against collaterally attacking protective orders in criminal proceedings brought under 18 U.S.C. § 922." *United States v. Hicks*, 389 F.3d 514, 534 (5th Cir. 2004); *see also Reese*, 627 F.3d at 804 (explaining that every Circuit to consider this issue agrees such collateral attacks are barred).

indictment. "[T]he propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (cleaned up), *abrogated on other grounds*, *Abramski v. United States*, 573 U.S. 169, 191 (2014). If a dismissal motion depends on questions of fact, pretrial resolution is inappropriate. *See United States v. Rafoi*, 60 F.4th 982, 994 (5th Cir. 2023).

Third, even on his allegations in the current record, Perez has no basis for an as-applied challenge. Perez cannot complain that an individualized threat determination is lacking. When the state district court released Perez on bond but prohibited him from "threatening to commit or committing acts of domestic violence or abuse against the alleged victim," it necessarily found that he presented a threat. ROA.182; *see* Ky. Rev. Stat. § 431.064(1)(a), (2) (authorizing release conditions prohibiting domestic violence and harassment after a determination that the defendant "[i]s a threat to the alleged victim or other family or household member"). Nor can Perez credibly complain that Section 922(g)(8) lacks an exception allowing him to carry a firearm "in dangerous areas of the country—like West Texas." ROA.61. A temporary firearm restriction on a person who "poses a clear threat of physical violence to another" need not contain such exceptions to comport with the Second Amendment. *See Rahimi*, 144 S. Ct. at 1900 (holding Section 922(g)(8)(C)(i), which contains no self-defense exception, was constitutional facially and as applied to Rahimi). Perez's decision to transport cargo in areas he perceives as dangerous—which he variously describes as including "rural areas," the "Southern border," and "West Texas," *see* ROA.61–64—neither entitles him to flout the Order nor renders Section 922(g)(8) unconstitutional as applied to him. Perez also does not identify any support for his suggestion that the temporary restriction on his right to carry firearms must be limited to the area near where his domestic partner and child reside. *See* ROA.64; *cf. Reese*, 627 F.3d at 804 (rejecting a similar challenge).

## Conclusion

For the above reasons, the Government respectfully requests that the Court vacate the district court's judgment and remand for further proceedings.

Respectfully submitted,

Jamie Esparza
United States Attorney

*/s/ Stephanie Cagniart*
Stephanie F. Cagniart
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

1. This letter complies with the Court's August 22, 2024, order because it does not exceed five pages.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

*/s/ Stephanie F. Cagniart*
Stephanie F. Cagniart

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Stephanie F. Cagniart*
Stephanie F. Cagniart